UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
YOUNG TAEK CHOI, JIWOO HAN, YUN : 
SOEB SHIN, JI HYUN, and RACHEL SON, :
 :
                 Plaintiffs, : **SUA SPONTE**
 : **REPORT AND RECOMMENDATION**
   -against- : 19 Civ. 2008 (EK) (VMS)
 :
SD TOOLS, INC., ZERED, INC., and HAK JIN :
HAN, :
 :
                 Defendants. :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiff Jiwoo Han is one of five individuals who brought claims in this action against Defendants SD Tools, Inc.; Zered, Inc.; and Hak Jin Han ("Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law. See ECF No. 1.  Mr. Han moves to dismiss his claims without prejudice, and Defendants have stipulated to his requested dismissal.  See ECF Nos. 29, 35; ECF No. 37 at 9:23-10:8.[1]  This Court held proceedings pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  See Dkt. Entry 3/11/2021; Dkt. Entry 3/17/2021; ECF Nos. 36-37.  For the reasons that follow, this Court sua sponte respectfully recommends that the District Judge grant Mr. Han's stipulated motion for dismissal from the action.  See ECF Nos. 29, 35.

    **I.**    **Discussion**

      Many courts in this District have required judicial review of FLSA plaintiffs' requests to voluntarily discontinue their claims without prejudice out of a concern that this "best serves the

---

[1] Mr. Han is the only movant.  This report and recommendation only pertains to Mr. Han's request for dismissal from the case; his four co-Plaintiffs continue to litigate.

1

policy considerations" underlying the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Gallardo v. PS Chicken Inc., 285 F. Supp. 3d 549, 552 (E.D.N.Y. 2018); see Gatto v. Petco Animal Supplies, Inc., No. 19 Civ. 3394 (EK) (RML), 2020 WL 5531552, at *1 (E.D.N.Y. Sept. 15, 2020) (collecting cases); De Jesus v. Magnetic Contr. Corp., No. 19 Civ. 1842 (ILG), 2019 WL 4737053, at *2 (E.D.N.Y. Sept. 27, 2019); Carson v. Team Brown Consulting, Inc., 416 F. Supp. 3d 137, 138-39 (E.D.N.Y. 2017).

For example, voluntary dismissal of FLSA claims without prejudice may not be appropriate when parties have covertly settled FLSA claims "in an effort to evade" Cheeks fairness review. See Gatto, 2020 WL 5531552, at *2 (quoting De Jesus, 2019 WL 4737053, at *1). This is not the case here. Mr. Han confirmed on the record that no such out-of-court settlement has been reached and that Defendants have not paid him any money to withdraw his lawsuit, see ECF No. 36 at 6:21-8:8, and counsel have made the same representation, see ECF Nos. 29, 35. Mr. Han explained on the record that, although he initially chose to participate in this case, after reconsideration, he no longer desires to proceed. See ECF 36 at 5:17-23; ECF No. 37 at 6:3-9. Mr. Han also confirmed that his reconsideration was not influenced by any pressure or coercion from his employer or anyone else, and that he made the decision voluntarily and of his own free will. See ECF No. 36 at 6:4-10; ECF No. 37 at 5:7-17; Dawidowicz v. Black Square Builders Corp., No. 15 Civ. 7380 (FB) (CLP), 2016 WL 7665417, at *5 (Nov. 8, 2016) (recommending that the plaintiff be allowed to withdraw his claims without prejudice due, in part, to the court's finding that his desire not to proceed with his claims was not the result of undue employer pressure), report & recommendation adopted sub nom. Dawidowicz v. Valouch, No. 15 Civ. 7380 (FB) (CLP), 2017 WL 74712, at *1 (E.D.N.Y. Jan. 6, 2017). The fact that Mr. Han's four co-Plaintiffs continue to litigate the action lends credibility to Mr. Han's statements

that this was his individual decision and not the parties' attempted "end-run around the policy concerns articulated in Cheeks." Gallardo, 285 F. Supp. 3d at 552.

An FLSA plaintiff seeking to voluntarily discontinue claims should also be made aware that "even where a dismissal without prejudice does not explicitly preclude a plaintiff from reviving his or her claims, 'the potential preclusive effect of a dismissal without prejudice when coupled with the statute of limitations' could render it a 'de facto dismissal with prejudice.'" Id. (quoting Carson, 416 F. Supp. 3d at 141). Mr. Han was advised on the record about this statute-of-limitations consideration. See ECF No. 36 at 6:15-20; ECF No. 37 at 5:18-6:9, 9:23-10:3.

## II.    Conclusion

In light of the foregoing, this Court finds that Mr. Han's stipulated motion for dismissal from this action without prejudice is not an attempt to avoid Cheeks review and respectfully recommends that the District Judge grant it. See ECF Nos. 29, 35. Although the parties would ordinarily have fourteen days to object to this report and recommendation, Mr. Han and Defendants waived their right to make such objections on the record after Defendants stipulated to Mr. Han's motion as recommended herein. See ECF No. 36 at 8:23-10:11.

Dated: Brooklyn, New York
       March 29, 2021

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge