```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

 YOUNG TAEK CHOI, YUN SOEB SHIN, JIN
 HYUN KIM, AND RACHEL SON,
                                              MEMORANDUM & ORDER
                       Plaintiffs,            1:19-cv-2008 (EK)(VMS)


            -against-

 SD TOOLS, INC., ZERED, INC., AND HAK
 JIN HAN,

                       Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiffs' counsel advised Magistrate Judge Scanlon that he overhead a (potentially privileged) conversation that he understood to suggest the defendants may have produced falsified documents. Based on this, Plaintiffs moved to reopen discovery. Motion to Reopen Discovery, ECF No. 62. Magistrate Judge Scanlon denied the motion. Order Denying Motion to Reopen Discovery, ECF No. 65. Plaintiffs now appeal. They argue Judge Scanlon erred (1) by refusing to consider the substance of the potentially privileged conversation and (2) in her analysis of good cause for reopening discovery. *See* Plaintiffs' Memorandum in Support of Appeal 5-8, ECF No. 66. The Court affirms Judge Scanlon's order.

A district court will not reverse a magistrate judge's ruling on a discovery motion unless it is "clearly erroneous" or

"contrary to law." 28 U.S.C. § 636(b)(1)(A); see also *Goss v. Long Island R. Co.*, No. 94-CV-4927, 1996 WL 743350, at *1 (E.D.N.Y. Dec. 12, 1996) ("[T]he standard of review of [a] [m]agistrate [j]udge['s] . . . denial of [a] motion to reopen discovery is highly deferential."); *Am. Dream Enterprises Corp. v. Mana Prods., Inc.*, No. 06-CV-3354, 2009 WL 1291561, at *2 (E.D.N.Y. May 8, 2009); *Pastor v. P'ship for Children's Rts.*, 538 F. App'x 119 (2d Cir. 2013) (reviewing magistrate judge order denying reopening of discovery for abuse of discretion).

The plaintiffs fail to grapple with the heavy deference due Judge Scanlon's order, and I do not find it clearly erroneous or contrary to law. Judge Scanlon properly analyzed the "good cause" standard for reopening discovery, which requires considering:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 514 (E.D.N.Y. 2018). Critically, as Judge Scanlon noted, prior to the overheard conversation the plaintiffs were already on notice of potential credibility issues with the documents they now wish

to probe further through additional discovery.  Order, ECF No. 65, at 1-2, 10-12, 18.  I agree that this means factors four and five "unquestionably weigh in Defendants' favor."  *Id.* at 10-11.  And Judge Scanlon did not clearly err in her consideration of the other factors either.  *See id.* at 9-13.

Finally, because the plaintiffs were already on notice of the potential credibility issues with these documents, I agree there is no need to consider the potentially privileged conversation which raised further credibility issues about the documents.

The Court affirms Judge Scanlon's order denying plaintiffs' motion to reopen discovery.  Within thirty days of this order, the parties are ordered to file a joint pretrial order in accordance with the Court's individual rules.  Jury selection shall commence on July 14th, 2025.

SO ORDERED.

                                                       /s/ Eric Komitee
                                                       ERIC KOMITEE
                                                       United States District Judge

Dated:    March 12, 2025
          Brooklyn, New York